UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILLIP ALPHONSE,

     Plaintiff,

v.                              Case No. 3:24cv278-TKW-HTC

LIEUTENANT J. WHITE, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Phillip Alphonse, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983, alleging five correctional officers violated his Eighth Amendment rights.   Doc. 1.   After reviewing the complaint, the undersigned concludes it should be dismissed without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) and 1915A(b)(1) because Plaintiff failed to truthfully disclose his litigation history.

## I.      Legal Standard

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## II.     Failure to Disclose Prior Litigation

In Section VIII of the complaint form, Plaintiff was asked to disclose his prior litigation history.  The form expressly advised Plaintiff, in bold print, that his "[f]ailure to disclose all prior cases may result in the dismissal of this case."  Doc. 1 at 16.  Subsection VIII.C of the complaint form specifically asks the following question: "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?"  *Id.* at 15. Plaintiff answered, "yes," and identified one case, *Alphonse v. Turner, et al.*, No. 3:21-cv-01738-MCR-ZCB (N.D. Fla. Oct. 25, 2021), which is currently pending.  *Id.*  He signed the complaint "under penalty of perjury" that the information therein was true and correct."  *Id.* at 16–17.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms.  Upon such an investigation, the Court takes judicial notice Plaintiff previously filed the case *Alphonse v. Florida State Prison*, No. 3:23-cv-01111-MMH-JBT (M.D. Fla Sept. 21, 2023), which related to the conditions of his confinement.  The case bears Plaintiff's name and his Florida Department of Corrections inmate number 148735. Plaintiff did not disclose this case.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court.  If the Court cannot rely on the statements

or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Thus, the Court should not allow Plaintiff's false response to go unpunished.

An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, ECF Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is RECOMMENDED:

1.     That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) for Plaintiff's abuse of the judicial process.

2.     That the clerk close the file.

At Pensacola, Florida, this 21st day of June, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.