UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILLIP ALPHONSE,
    Plaintiff,

v.                              Case No. 3:24cv278-TKW/HTC

LIEUTENANT J. WHITE, et al.,
    Defendants.
_____/

## **O R D E R**

This case is before the Court based on the magistrate judge's Report and Recommendation (R&R) (Doc. 5) and Plaintiff's "response" (Doc. 6). The response will be treated as an objection under Fed. R. Civ. P. 72(b)(2).

The R&R recommended that this case be dismissed as malicious and an abuse of process based on Plaintiff's failure to list a 2023 case from the Middle District of Florida in response to the litigation history questions on the civil rights complaint form. Plaintiff argues that he was not required to list that case because he did not file a civil rights complaint form or pay a filing fee in that case.

The fact that Plaintiff did not file a civil rights complaint form or pay a filing fee in the 2023 case does not necessarily mean that he was not required to list the case. The civil rights complaint form in this case asked whether Plaintiff filed "any other <u>lawsuit</u> in federal court either challenging [his] conviction or otherwise relating

to the conditions of [his] confinement."   Doc. 1 at 15 (emphasis added).   Thus, the dispositive issue is whether the 2023 case was a "lawsuit" challenging Plaintiff's conviction or otherwise relating to the conditions of his confinement.

The 2023 case was not a "lawsuit," but rather appears to have been a precursor to a lawsuit.  The case was opened based on a letter from Plaintiff requesting "a 1983 Complaint along with in forma pauperis forms" and asking the Clerk to hold the affidavits attached to the letter until he filed suit. *See Alphonse v. Fla. State Prison*, Case No. 3:23cv1111, ECF No. 1, at 1 (M.D. Fla. Sept. 21, 2023).   And, the dismissal order in that case did not appear to construe Plaintiff's letter as having initiated a lawsuit.  *Id.*, ECF No. 2, at 1 (M.D. Fla. Sept. 27, 2023) (noting that the letter asserted that Plaintiff "intends to file lawsuits" and concluding that the letter "failed to properly initiate a civil action").

Arguably, Plaintiff should have listed the 2023 case in an abundance of caution because it was assigned a case number and was "dismissed" by a judge. However, all things considered, it was not unreasonable for Plaintiff to conclude that the case was not a "lawsuit" that needed to be listed in response to the litigation history questions on the complaint form in this case.   Therefore, the Court declines to dismiss this case based on Plaintiff's failure to disclose the 2023 case.

Accordingly, it is **ORDERED** that:

1. The magistrate judge's R&R is rejected.

2. This case is returned to the magistrate judge for further proceedings.

**DONE and ORDERED** this 9th day of July, 2024.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**